

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700  (973) 645-2700
Newark, New Jersey  07102

May 28, 2019

Richard Verde, Esq.
8 Hickory Drive
P.O. Box 401
Caldwell, New Jersey 07006

      Re:  Plea Agreement with Olga Kuprina

Dear Mr. Verde:

      This letter sets forth the plea agreement between your client, Olga Kuprina ("KUPRINA"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on June 5, 2019 if it is not accepted in writing by that date.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from KUPRINA to a five-count Information which charges wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343 (Count One), and four counts of conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349 (Counts Two through Five). If KUPRINA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against KUPRINA for computer intrusions committed between 2007 and 2017 (Count One), for conspiring to hack into the Electronic Gathering, Analysis, and Retrieval System (EDGAR) of the Securities & Exchange Commission (Count Two), for conspiring to hack into Businesswire (Count Three), for conspiring to hack into Citibank (Count Four), and for conspiring to hack into Dexia Bank, Dow Jones Incorporated, and Jet Blue Airways (Count Five). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, KUPRINA agrees that any dismissed charges and any other charges that are not time barred by the applicable statute of limitations on the date this agreement is signed by KUPRINA may be commenced against her, notwithstanding the expiration of the limitations period after KUPRINA signs the agreement.

## Sentencing

Each violation of 18 U.S.C. §§ 1343 and 1349 to which KUPRINA agrees to plead guilty carries a statutory maximum sentence of 30 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon KUPRINA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence KUPRINA ultimately will receive.

Further, in addition to imposing any other penalty on KUPRINA, the sentencing judge: (1) will order KUPRINA to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order KUPRINA to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; (4) may order KUPRINA, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; and (5) pursuant to 18 U.S.C. § 3583 must require KUPRINA to serve a term of supervised release of up to five (5) years on each count, which will begin at the expiration of any term of imprisonment imposed. Should KUPRINA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, KUPRINA may be sentenced to not more than five (5) years' imprisonment on each count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, KUPRINA agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.

- 2 -

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on KUPRINA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of KUPRINA's activities and relevant conduct with respect to this case.

## Stipulations

This Office and KUPRINA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or KUPRINA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and KUPRINA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture
=========

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(2), KUPRINA agrees to forfeit to the United States all of her right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offenses charged in the Information. KUPRINA further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in an amount to be agreed upon by the parties by the date of sentencing in this case, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. In the event the Office and KUPRINA fail to reach an agreement on the Money Judgment prior to sentencing, KUPRINA agrees that the amount of the Money Judgment will be determined by the Court at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. KUPRINA acknowledges that the Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to the offenses in violation of 18 U.S.C. §§ 1343 and 1349 charged in the Information, to which KUPRINA is pleading guilty.

      All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102 If not paying at or before plea: The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

      KUPRINA waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea

- 4 -

proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

KUPRINA further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If KUPRINA fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that KUPRINA has intentionally failed to disclose assets on her Financial Disclosure Statement, KUPRINA agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Immigration Consequences

KUPRINA understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. KUPRINA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. KUPRINA wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. KUPRINA understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, KUPRINA waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against KUPRINA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against KUPRINA.

No provision of this agreement shall preclude KUPRINA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that KUPRINA received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between KUPRINA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

*Justin Herring*

By: JUSTIN S. HERRING
DANIEL SHAPIRO
Assistant U.S. Attorneys

APPROVED:

*signature*

RAHUL AGARWAL
Deputy Chief, Criminal Division

I have received this letter from my attorney, Richard Verde, Esq. I have read it and it has been translated for me into Russian. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: July 1, 2019
Olga Kuprina

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: July 1, 2019
Richard Verde, Esq.

_____, the interpreter
VALENTINA BREN-BDZIC

- 8 -

Plea Agreement With Olga Kuprina

Schedule A

1. This Office and KUPRINA recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and KUPRINA nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. Pursuant to U.S.S.G. § 2B1.1(a), the Base Offense Level is 7.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J) applies because the loss amount associated with KUPRINA's criminal conduct was greater than $65 million but less than $150 million. This Specific Offense Characteristic results in an increase of 24 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(i) applies because the offense involved 10 or more victims. This Specific Offense Characteristic results in an increase of 2 levels.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(B-C) applies because the offense involved sophisticated means and a substantial part of the fraudulent scheme was committed from outside the United States. This Specific Offense Characteristic results in an increase of 2 levels.

7. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(11)(A)(ii) & (b)(11)(B(ii) applies because the offense involved possessing or using authentication features and the production or trafficking of an authentication feature. This Specific Offense Characteristic results in an increase of 2 levels.

8. The parties agree that, pursuant to U.S.S.G. § 3D1.2(a), Counts One through Five group together into a single group.

9. As of the date of this letter, it is expected that KUPRINA will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and KUPRINA's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

10. As of the date of this letter, it is expected that KUPRINA will assist authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby

- 9 -

permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in KUPRINA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) KUPRINA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that KUPRINA's acceptance of responsibility has continued through the date of sentencing and KUPRINA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) KUPRINA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that the total Guidelines offense level applicable to KUPRINA is 34 (the "agreed total Guidelines offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range resulting from the agreed total Guidelines offense level of 34 is reasonable.

13. KUPRINA knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 34. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.